FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MONET DAVIS, )<br><br>        Plaintiff, )<br><br>v. )<br><br>LAVERNE E. RAGSTER, President, and )<br>BOARD OF TRUSTEES OF THE UNIVERSITY )<br>OF THE VIRGIN ISLANDS, )<br><br>        Defendants. )<br>_____ ) | Civil No. 2005-155 |

ATTORNEYS:

**Archie Jennings, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Samuel H. Hall, Jr., Esq.**
**Marie E. ThomasGriffith, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants.*


**<u>MEMORANDUM OPINION</u>**


**GÓMEZ, C.J.**

Before the Court is the motion of the defendants, LaVerne E.
Ragster, President ("Ragster"), and the Board of Trustees of the
University of the Virgin Islands ("UVI") (collectively referred
to as the "Defendants"), for summary judgment against the
plaintiff, Monet Davis ("Davis").

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

Davis commenced this action against the Defendants in September, 2005.  In her complaint, Davis alleges that she was employed at UVI as an administrative specialist starting in September, 1994 through a series of contracts lasting variably from one to three years.  According to Davis, her last such contract began in October, 2005 and was to terminate on September 30, 2005.  Davis alleges that on August 30, 2005, she received notice that her contract would not be renewed.

Consequently, Davis filed this three-count lawsuit.  Count One appears to assert a claim under 42 U.S.C. § 1983[1] based on alleged due process and equal protection violations.  Count Two asserts a breach-of-contract claim.  Count Three asserts a claim for intentional infliction of emotional distress.  Davis seeks a

---

[1]  Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (Lexis 2008).

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 3

judgment declaring that her constitutional rights have been

violated, an injunction to compel the Defendants to restore her

to her previous position of employment, and damages.

The Defendants now move for summary judgment against Davis

with respect to all three counts in the complaint.  Davis has

filed an opposition and a cross-motion for summary judgment

against the Defendants.[2]

## II.  **DISCUSSION**

Summary judgment is appropriate if "the pleadings, the

discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(c); *see also Hersh v. Allen Products Co.*, 789

---

[2] Local Rule of Civil Procedure 56.1(b) provides, in
pertinent part:

> Any party adverse to a motion filed under this rule may
> file a response, brief, affidavits and other supporting
> documents within twenty (20) days of the filing of the
> motion.  The respondent must address the facts upon
> which the movant has relied pursuant to subsection
> (a)(1), using the corresponding serial numbering and
> either (i) agreeing that the fact is undisputed; (ii)
> agreeing that the fact is undisputed for the purpose of
> ruling on the motion for summary judgment only; or
> (iii) demonstrating that the fact is disputed.

LRCi 56.1(b) (2008).

Here, Davis's opposition to the motion for summary judgment
is deficient to the extent it addresses none of the facts set
forth in the Defendants' statement of undisputed material facts.

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 4

F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. <u>ANALYSIS</u>

The Defendants contend that they are entitled to summary judgment with respect to all three counts asserted in Davis's complaint. The Court will take up each count in turn.

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 5

**A.    Count One**

In Count One, Davis asserts that her due process and equal protection rights have been violated because she was not given notice and a hearing before her employment contract was not renewed.  The Defendants do not argue in their moving papers that they are entitled to summary judgment with respect to Davis's equal protection claim.  Indeed, the Defendants make no mention of that claim whatever.  As such, the question whether that claim presents triable material facts is not before the Court in this motion.  The Defendants focus instead on Davis's allegation that her due process rights have been violated.

"The Fourteenth Amendment to the United States Constitution prohibits states from depriving 'any person of life, liberty, or property, without due process of law.'" *Thomas v. Town of Hammonton*, 351 F.3d 108, 113 (3d Cir. 2003) (quoting U.S. Const. amend. XIV, § 1).  "Accordingly, the first step in analyzing a procedural due process claim is to determine whether the 'asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property.'" *Id.* (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)); *see also Latessa v. New Jersey Racing Comm'n*, 113 F.3d 1313, 1318 (3d Cir. 1997) ("In order to succeed on a claim of deprivation of due process under the Fourteenth Amendment with

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 6

respect to termination of a specific employment position, a plaintiff must first establish a property interest in the employment.") (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972)).

"To have a property interest in a job or job benefit, an employee must have a legitimate claim of entitlement, not just a unilateral expectation." *Latessa*, 113 F.3d at 1318 (citing *Roth*, 408 U.S. at 577). "Cognizable property interests can be created by sources such as state law and implied or express contracts." *Miller v. Twp. of Readington*, 39 Fed. Appx. 774, 775-76 (3d Cir. 2002) (unpublished) (citations omitted).

The Defendants argue that Davis had no property interest in employment at UVI beyond September 30, 2005. In support of that argument, the Defendants rely primarily on Davis's deposition testimony. That testimony reflects that Davis understood the end date of her latest employment contract with UVI to be September 30, 2005. That testimony further reflects that Davis is owed no compensation in any form from UVI after September 30, 2005. That testimony is unrebutted.

Based on Davis's deposition testimony, the Court finds that the Defendants have met their initial burden of establishing the absence of a genuine question of material fact with respect to whether Davis had a property interest in her continued employment

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 7

at UVI. *See*, *e.g.*, *Roth*, 408 U.S. at 578 (holding that an assistant professor hired for a fixed term of one academic year had no property interest in his job because the terms of his employment allowed that his contract not be renewed); *Hawkins v. Steingut*, 829 F.2d 317, 322 (2nd Cir. 1987) (holding that once the plaintiff's fixed term of employment expired, "he had no property interest . . . as a matter of law"). The burden thus shifts to Davis to show that she does have a protected property interest.

Davis endeavors to meet her burden by relying on Title 17, Sections 457 and 458 of the Virgin Islands Code. According to Davis, when read in conjunction, those provisions "clearly establish" that she has a protected property interest in her continued employment at UVI. Section 457 provides in full:

> (a) The President of the University shall serve as its chief executive officer and shall have the power to appoint and remove all professors, lecturers, instructors and all other professional and nonprofessional personnel in accordance with rules and regulations promulgated by the Board of Trustees; provided, that any person dismissed or suspended by the President shall have the right of appeal to the Board.
>
> (b) All employees who hold permanent positions at the University shall be covered in accordance with provisions of the Employees Retirement System of the Government of the United States Virgin Islands; provided that teaching, administrative faculty and other personnel who are eligible for coverage by the Teacher's Insurance and Annuity Association or other similar retirement systems may either join the

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 8

> Government Employees Retirement System or the Teacher's
> Insurance and Annuity Association or other similar
> retirement system, or if such an employee has prior
> credited service in the Government Employees Retirement
> System may upon employment with the University elect to
> remain in the Government Employees Retirement System or
> join the Teacher's Insurance and Annuity Association or
> other similar retirement systems.

V.I. CODE ANN. tit. 17, § 457(a) (Lexis 2008).  Section 458

provides:

> The academic freedom of the teacher and the full
> enjoyment of his political and civil rights is hereby
> guaranteed to all members of the teaching, technical
> and administrative personnel of the University of the
> Virgin Islands.

*Id.* § 458.

After referring to the above provisions, Davis's efforts to

meet her burden abruptly halt.  She does not explain how Sections

457 and 458 vest her with a property interest in her continued

employment at UVI.  She merely proclaims, without citations to

appropriate authority, that those provisions entitled her "to

notice and a hearing before any substantial change in her

employment circumstances." (Pl.'s Mot. in Opp'n for Summ. J. and

Cross-Mot. for Summ. J. 4.)  A reading of those provisions yields

no indication that a fixed-term employee of UVI has a property

interest in continued employment beyond the expiration of the

fixed term.  Indeed, Section 457(a) plainly states that "any

person *dismissed or suspended* by the President shall have the

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 9

right of appeal to the Board." V.I. CODE ANN. tit. 17, § 457(a).

Here, it is undisputed that Davis was not dismissed or suspended,

but rather that her contract simply was not renewed.  It is also

undisputed that Davis did not avail herself of any administrative

grievance procedures, including an appeal to the Board.[3]

---

[3] Davis invokes two other statutory provisions to show that she has a protected property interest.

First, Davis also appears to suggest that she has a property interest in her continued employment at UVI because she has contributed to the Government of the Virgin Islands employees retirement system.  Davis tries to bolster that proposition by pointing the Court to Title 3, Section 701 of the Virgin Islands Code.  Section 701 provides for the creation of "a retirement and benefit system for officials and employees of the Government of the United States Virgin Islands." V.I. CODE ANN. tit. 3, § 701 (Lexis 2008).  Nothing in that provision demonstrates that Davis has a protected property interest in her continued employment at UVI.  At most, Section 701 shows that the Virgin Islands Legislature has established a retirement system in which employees of the Government of the Virgin Islands may participate.  Davis does not allege in this matter, nor does the record reflect, that the non-renewal of her employment contract has deprived her of her contributions to that retirement system.  Consequently, Davis's reliance on that provision is misplaced.

Second, Davis points to Title 24, Section 362(I) of the Virgin Islands Code for the dubious proposition that because UVI is a public employer, her employment at UVI "is substantial enough to entitle her to the proper due process for termination of her employment . . . ." (Pl.'s Mot. in Opp'n for Summ. J. and Cross-Mot. for Summ. J. 4.)  Section 362(I) provides that "'employer' or 'public employer' means the executive branch of the Government of the United States Virgin Islands and any agency or instrumentality thereof including . . . the University of the Virgin Islands." V.I. CODE ANN. tit. 24, § 362(I) (Lexis 2008).  Here again, Davis fails to point to language in that provision to establish some concrete interest in continued employment at UVI.  Accordingly, Davis's reliance on Section 362(I) is likewise misplaced.

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 10

Davis further appears to assert that she has a property interest by virtue of her expectation that she would undergo a performance evaluation at the end of her contract.  That assertion is unpersuasive.  Absent some competent evidence that an employer made representations that could be construed as an implied promise of continued employment, courts routinely hold that "[a] provision allowing an employee an evaluation at the end of a [fixed term] provides no evidence that [the plaintiff] had a property interest in his continued employment." *See*, *e.g.*, *Edwards v. City of Steeleville*, Civ. No. 05-0116, 2006 U.S. Dist. LEXIS 24561, at *9-10 (S.D. Ill. Apr. 28, 2006) (citing *Campbell v. Champaign*, 940 F.2d 1111, 1113 (7th Cir. 1991) ("When the claimed deprivation is the loss of a job, the entitlement must be to the job, rather than to a set of disciplinary procedures.")); *see also Goodmann v. Hasbrouck Heights Sch. Dist.*, Civ. No. 04-5861, 2007 U.S. Dist. LEXIS 45684, at *18 (D.N.J. June 25, 2007) (dismissing the plaintiff's due process claim upon finding it "highly doubtful" that the plaintiff's alleged "'right to good faith evaluations' . . . would rise to the level of a 'property interest' afforded protection under the Due Process Clause"), *aff'd,* 2008 U.S. App. LEXIS 8683 (3d Cir. Apr. 21, 2008) (not precedential); *Yates v. District of Columbia*, 224 F. Supp. 2d 68, 71 (D.D.C. 2002) (dismissing a due process claim where "no

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 11

authority supports plaintiff's contention that the District of

Columbia Public Schools' Professional Performance Evaluation

Process 'created and defined' a protected property interest in

continued employment as a guidance counselor in the D.C. Public

Schools"), *aff'd*, 324 F.3d 724 (D.C. Cir. 2003).[4]

In sum, Davis's unilateral expectation of a potential

performance evaluation falls far short of demonstrating a

property interest in continued employment. *See, e.g., Kennard v.

Wray*, No. 93-3138, 1994 U.S. App. LEXIS 3472, at *17-18 (6th Cir.

Feb. 24, 1994) (finding that the plaintiff had not demonstrated a

contractual right to continued employment where "performance

evaluations that have created genuine issues of material fact

---

[4]   To the extent Davis asserts that she had a property
interest from "mutually explicit understandings" with her former
employer, that assertion is unavailing.  In *Perry v. Sindermann*,
408 U.S. 593 (1972), the plaintiff alleged a de facto tenure
program for college professors "secured by 'existing rules or
understandings.'" *Id.* (citing *Roth*, 408 U.S. at 577).  The
plaintiff in that case alleged that the mutual understanding of
continued employment was documented in the employer's official
faculty guide, which provided that a faculty member "has
permanent tenure as long as his teaching services are
satisfactory . . . ." *Id.* at 600.  The Supreme Court thus
affirmed the circuit court's holding that the plaintiff could
pursue his lawsuit against his former employment.

Here, in contrast to *Perry*, Davis has pointed to no evidence
of similar rules or understandings as to administrative
specialists.  Her generalized deposition testimony reflects no
specific bilateral understanding that particular cause must be
demonstrated before non-renewal of her employment contract could
occur. *See, e.g., Latessa*, 113 F.3d at 1318-19.

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 12

have contained statements about the employer's desire for the
employee's continued employment," but that in this case "[t]here
is no indication that . . . statements were made to plaintiff
about continued employment . . . .").

Because it is undisputed in this matter that Davis had no
property interest in her continued employment at UVI, Davis's due
process rights cannot be implicated.  Accordingly, the
Defendants' motion will be granted with respect to the due
process claim asserted in that count.

**B.   Count Two**

Count Two asserts a breach-of-contract claim.  To establish
a breach of contract claim, a plaintiff is required to prove that
there was 1) an agreement, 2) a duty created by that agreement,
3) a breach of that duty, and 4) damages." *Galt Capital, LLP v.
Seykota*, Civil Nos. 2002-63 and 2002-134, 2007 U.S. Dist. LEXIS
92955, at *10 (D.V.I. Dec. 14, 2007) (citing *Stallworth Timber
Co. v. Triad Bldg. Supply*, 968 F. Supp. 279, 282 (D.V.I. App.
Div. 1997)).

The thrust of Davis's breach-of-contract claim is that she
is the first and only UVI employee whose contract has not been
renewed without a performance evaluation and notice of potential
non-renewal in the event of subpar performance. (*See* Compl. ¶
10.)  Davis asserts that she was assured these procedural steps

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 13

by the "procedures and policies set forth in the Rules and
Regulations of the UVI Personnel Manuel, which forms the basis of
the contract, express and implied between the Plaintiff and
Defendants . . . ." (*Id.* ¶ 20.)

The Defendants argue that they are entitled to summary
judgment on Count Two because they did not materially breach
their employment contract with Davis.  In support of that
assertion, the Defendants argue that Davis had no right to
employment after September 30, 2005 and that she "received full
and complete compensation for her duties" up to and including
September 30, 2005, the day on which her contract terminated as a
matter of course. (Defs.' Mem. of Law in Supp. of Mot. for Summ.
J. 15.)

The Defendants again seek to substantiate their argument by
reference to Davis's deposition testimony.  Under oath, Davis
stated that on August 29, 2005, she received a letter from
Ragster informing her that her contract with UVI would not be
renewed beyond September 30, 2005. (*See* Davis Dep. 49:3-15, Dec.
19, 2007.)  Davis further stated that she did not lose any
benefits between the August 29, 2005, letter and September 30,
2005, her last day of employment. (*See id.* at 57:13-14.)

The Defendants offer further support for their argument by
relying on UVI's Human Resources Policy Manual (the "HR Manual").

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 14

The HR Manual provides, in pertinent part:

> Upon the recommendation of the Department and Component
> Heads, the President may approve the renewal of any
> employment contract.  Any contract not renewed shall
> expire on its end date.  The non-renewal of a contract
> is not a termination for cause and, therefore, the
> employee does not have to be informed of the cause for
> non-removal.  Contract employees have no right to
> expect continued employment beyond the end date of
> their current contracts.

(Davis Dep., Dec. 19, 2007, Exh. 34 at 3.)

It is undisputed in this matter that Davis was a contract
employee at UVI.[5]  It is also undisputed that Ragster informed
Davis that her employment contract would not be renewed beyond
September 30, 2005, the end date of her employment contract.[6]
The parties also do not dispute that Davis received all
employment benefits up to and including September 30, 2005.[7]

---

[5]  Davis states in her complaint that she "received a series
of contracts of employment" from UVI. (Compl. ¶ 9.)  While being
deposed, Davis discussed that series of contracts.

[6]  During her deposition, Davis was asked whether she could
point to any documentation establishing that she was entitled to
employment with UVI beyond September 30, 2005.  Davis replied,
"There is no such document." (Davis Dep. 50:9-15, Dec. 19, 2007.)
When pressed to point to some basis for her belief that she had a
right to continued employment after September 30, 2005, Davis
responded, "Generally supervisor to employee, they would let you
know. . . . I know there are times that you were given
probationary letters leading up to a termination.  I received
nothing as such." (*Id.* at 50:16-25.)

[7]  Indeed, when asked during her deposition whether she had
lost any employment benefits between August 30, 2005 and
September 30, 2005, Davis responded in the negative. (*See* Davis
Dep. 50:7-17, Dec. 19, 2007.)  Furthermore, when asked whether

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 15

Based on these undisputed material facts, as supported by the competent evidence provided by the Defendants, the Court finds that the Defendants have met their initial burden of showing that no genuine question of material fact remains with respect to Davis's breach-of-contract claim.  Consequently, the burden shifts to Davis to come forward with competent evidence demonstrating the existence of a genuine question of material fact.

In her opposition to the Defendants' motion, Davis expends much energy buttressing the due process portion of Count One's constitutional claims but wholly fails to address, even obliquely, Count Two's breach-of-contract claim.  Davis has, however, submitted three items of evidence in support of her opposition.  The first such item is a document entitled "Record of Appointment," which appears to memorialize Davis's first employment contract with UVI from September 19, 1994 through September 30, 1995.  The second item of evidence is the August 29, 2005, letter from Ragster informing Davis that her employment contract would not be renewed beyond September 30, 2005.  The

_____

she had been paid her salary up to and including September 30, 2005, Davis responded in the affirmative. (*See id.* at 50:22-23.) Finally, when asked whether she claimed that UVI owed her any compensation for her employment contract up to and including September 30, 2005, Davis responded in the negative. (*See id.* at 58:3-19.)

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 16

third such item is a document entitled "Employees' Retirement System of the Government of the Virgin Islands."  That document, dated September 27, 2005, includes a statement from an individual named Katherine G. Holder, whose title is Director of Quality Assurance, certifying that Davis is a contributing member of a retirement system of the Government of the Virgin Islands and has contributed a certain sum of money to that system.  Davis makes no effort to explain how any of this evidence serves her cause with respect to Count Two.  Significantly, none of these items of evidence demonstrate that there remain genuine questions of material fact with respect to whether the Defendants breached Davis's employment contract.

In her complaint, Davis asserts that she was entitled to certain safeguards but has not submitted to the Court the manual to which she refers.  Even if the Court presumed that the manual on which Davis relies is the HR Manual provided by the Defendants, there is no language in that manual establishing that Davis is entitled to the procedural safeguards she claims.  Indeed, as discussed above, the undisputed provisions of the HR Manual completely undercut Davis's bald assertions.

Accordingly, because no genuine questions of material remain with respect to Count Two and the Defendants are entitled to judgment as a matter of law on that count, the Court will grant

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 17

the Defendants summary judgment on Davis's breach-of-contract

claim. *See*, *e.g.*, *Maxwell v. DAK Ams.*, Civ. No. 05-141, 2005 U.S.

Dist. LEXIS 36643, at *8 (D.S.C. Dec. 13, 2005) (granting summary

judgment on a breach-of-contract claim where, *inter alia*, "there

is no evidence of a breach"), *aff'd*, 216 Fed. Appx. 315 (4th Cir.

2007) (not precedential); *Brugger v. Pillsbury Co.*, Civ. No. 94-

50290, 1996 U.S. Dist. LEXIS 7810, at *22 (N.D. Ill. May 21,

1996) (same).

## C.   Count Three

Count three asserts a claim for intentional infliction of

emotional distress.  "[T]o state a claim for the tort of

intentional infliction of emotional distress, the plaintiff must

allege conduct so extreme or outrageous on its face that it falls

outside the bounds of decency." *Clarke v. Abramson*, Civ. No.

2004-111, 2007 U.S. Dist. LEXIS, at *3 (D.V.I. Oct. 24, 2007)

(citations omitted); see also *Int'l Islamic Cmty. of Masjid*

*Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 369

(D.V.I. 1997) ("It is not enough that the defendant acted with

tortious intent or even that he acted with malice."), *aff'd*, 176

F.3d 472 (3d Cir. 1999).

Here, Davis alleges that she has suffered emotional distress

because of the loss of her health benefits to which she was

purportedly entitled as a UVI employee.  Davis specifies that she

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 18

has suffered pecuniary harm from the loss of those benefits.

Davis's moving papers make no other allegations of emotional

distress.

The Defendants argue that they are entitled to summary

judgment on Count Three because of either the economic loss

doctrine or the independent tort doctrine.  Specifically, the

Defendants contend that the independent tort doctrine bars Count

Three because "the allegedly intentional infliction of emotional

distress acts . . . are the very acts that allegedly breached the

contract." (Defs.' Mem. of Law in Supp. of Mot. for Summ. J. 11.)

The Defendants further contend that "the tort claim asserted in

Count [Three] is based on nothing more than [UVI's] alleged

failure to renew the employment contract beyond September 30,

2005. (*Id.* at 13.)  The Defendants provide no competent evidence

to support these contentions, but rather rely on the HR Manual's

provision regarding employee health benefits.  The Defendants

also rely on the case law of both this Court and other

jurisdictions.

This Court has explained that "[w]hen an action in tort

accompanies a breach of contract claim, the allegations of

tortious conduct must arise from 'a duty or obligation . . .

independent of that arising out of the contract itself.'" *See*

*Galt Capital, LLP v. Seykota*, Civ. Nos. 2002-63 and 2002-134,

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 19

2007 U.S. Dist. LEXIS 53199, at *9 (D.V.I. July 18, 2007)

(quoting *Jo-Ann's Launder Ctr, Inc. v. Chase Manhattan Bank,*

*N.A.*, 854 F. Supp. 387, 392 (D.V.I. 1994)).  In assessing whether

such a duty exists, "[t]he gist of the action test is used to

determine whether tort claims that accompany contract claims

should be allowed as freestanding causes of action or rejected as

illegitimate attempts to procure additional damages for a breach

of contract." *Id.* (citations omitted) (alteration in original).

"The gist of the action test requires that the Court consider the

essential nature of the claim as distinguished between contract

and tort on a basis of the duties allegedly breached." *Id.* at *9-

10 (citation omitted).  "An independent tort action is not

cognizable where there is no duty owed to the plaintiff other

than the duty arising out of the contract itself." *Int'l Minerals*

*and Mining Corp. v. Citicorp N. Am., Inc.*, 736 F. Supp. 587, 596

(D.N.J. 1990).

        Here, Davis's claim of intentional infliction of emotional

distress arises entirely from her allegations that the Defendants

breached the terms of her employment contract and thus that she

is entitled to monetary compensation.  Significantly, the duties

that Davis alleges the Defendants owed her under that contract

are identical to those she alleges in her claim for intentional

infliction of emotional distress.  Consequently, Davis has failed

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 20

to allege independent tortious conduct on the part of the
Defendants. *See*, *e.g.*, *Jones v. W. Union Fin. Servs.*, 513 F.
Supp. 2d 1098, 1100 (D. Minn. 2007) (holding that "plaintiffs'
negligence and negligent infliction of emotional distress claims
are not independent of the breach of contract claim and summary
judgment is warranted on these claims"); *Geico Cas. Co. v.
Beauford*, Civ. No. 05-697, 2007 U.S. Dist. LEXIS 10535, at *11
(M.D. Fla. Feb. 15, 2007) (granting a motion to dismiss where the
plaintiff "has failed to demonstrate that her claim for
intentional infliction of emotional distress is independent from
the purported breach of contract"); *Gilchrist v. State Farm Mut.
Ins. Co.*, Civ. No. 06-11659, 2007 U.S. Dist. LEXIS 8953, at *15-
16 (E.D. Mich. Feb. 8, 2007) (granting a motion for summary
judgment where the plaintiff's emotional distress claims "appear
to be entirely related to her" contract claim).

Accordingly, the Court finds that the Defendants have met
their initial burden of showing that no genuine question of
material facts remain with respect to Davis's claim of
intentional infliction of emotional distress.  The burden thus
shifts to Davis to show that this claim presents material facts
for trial.  Davis has failed to meet her burden because she does
not address, much less rebut, any of the Defendants' arguments

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 21

with respect to Count Three.[8]

### IV. <u>CONCLUSION</u>

For the reasons given above, the Court finds that there are
no material facts in dispute with respect to Count One's due
process claim as well as the claims in Counts Two and Three in
their entirety.  Accordingly, the Defendants' motion for summary
judgment will be granted with respect to those claims and Davis's
cross-motion for summary judgment will be denied.  Only Count
One's equal protection claim remains.

---

[8] Count Three is deficient as a matter of law for yet
another reason.  Davis alleges merely that she has suffered
pecuniary damages from the loss of her health benefits.  That
allegation "fail[s] to meet the extremely high standard to state
a viable cause of action for intentional infliction of emotional
distress." *See*, *e.g.*, *Smith v. V.I. Port Auth.*, Civ. No.
2002-227, 2005 U.S. Dist. LEXIS 56, at *43 (D.V.I. Jan. 2, 2005);
*see also Aucoin v. Kennedy*, Civ. No. 03-1649, 2006 U.S. Dist.
LEXIS 67029, at *32 (E.D. La. Sept. 19, 2006) (granting the
defendant's motion for summary judgment where the plaintiff's
allegations of the employer's cancellation of health insurance
"do not meet the required threshold for a claim of intentional
infliction of emotional distress"); *Adams v. Town of
Burrillville*, 249 F. Supp. 2d 151, 155-56 (D.R.I. 2003) (granting
summary judgment where the plaintiffs' claim of intentional
infliction of emotional distress based on the *loss of health
benefits* "falls far short of the extreme conduct required to
support [such] a claim . . . .") (emphasis supplied); *Cooper v.
Harbour Inns of Balt., Inc.*, Civ. No. 98-2173, 2000 U.S. Dist.
LEXIS 4284, at *33-34 (D. Md. Mar. 20, 2000) (finding that the
plaintiff's claim of emotional distress based on the loss of her
health insurance did "not rise to the level of severe distress
necessary to sustain her claim").

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 22

        An appropriate order follows.


                                              S_____
                                                **CURTIS V. GÓMEZ**
                                                  **Chief Judge**



Copy:      Archie Jennings, Esq.
           Samuel H. Hall, Jr., Esq.
           Marie E. ThomasGriffith, Esq.