**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| MONET DAVIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAVERNE E. RAGSTER, President, and )<br>BOARD OF TRUSTEES OF THE UNIVERSITY )<br>OF THE VIRGIN ISLANDS, )<br>)<br>Defendants. )<br>_____ ) | Civil No. 2005-155 |

ATTORNEYS:

**Archie Jennings, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Samuel H. Hall, Jr., Esq.**
**Marie E. ThomasGriffith, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants.*


<u>**MEMORANDUM OPINION**</u>


**GÓMEZ, C.J.**

Before the Court is the motion of the defendants, LaVerne E. Ragster, President ("Ragster"), and the Board of Trustees of the University of the Virgin Islands ("UVI") (collectively referred to as the "Defendants"), for summary judgment against the plaintiff, Monet Davis ("Davis").

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

Davis commenced this action against the Defendants in September, 2005. In her complaint, Davis alleges that she was employed at UVI as an administrative specialist starting in September, 1994 through a series of contracts lasting variably from one to three years. According to Davis, her last such contract began in October, 2005 and was to terminate on September 30, 2005. Davis alleges that on August 30, 2005, she received notice that her contract would not be renewed.

Thereafter, Davis filed this three-count lawsuit. Count One asserts a claim under 42 U.S.C. § 1983[1] based on alleged due process and equal protection violations. Count Two asserts a breach-of-contract claim. Count Three asserts a claim for intentional infliction of emotional distress. Davis seeks a

---

[1] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

judgment declaring that her constitutional rights have been violated. She also seeks injunction to compel the Defendants to restore her to her previous position of employment.

The Defendants subsequently moved for summary judgment against Davis with respect to the due process claim in Count One and Counts Two and Three in their entirety. On May 14, 2008, the Court granted that motion. Therefore, only the equal protection claim in Count One remains.

On November 12, 2008, the Court ordered the parties to file briefs, no later than November 26, 2008, regarding whether Davis sufficiently stated an equal protection claim under Federal Rule of Civil Procedure 12(b)(6). The Defendants elected instead to move for summary judgment on that claim. Davis has not filed any pleading in response to the Court's November 12, 2008, Order or the Defendants' summary judgment motion.

## II. DISCUSSION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 4

genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985).  The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991).  "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.*  In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. <u>ANALYSIS</u>

Davis alleges that she is a black woman but makes no other reference to her race or gender in her complaint.  Instead, she alleges that the Defendants' actions "against her were not taken for any just or legitimate reasons or purposes[.]" (Compl. ¶ 12.) Liberally construed, that allegation asserts a "class-of-one"

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 5

equal protection claim.

To state a class-of-one equal protection claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). At a minimum, a plaintiff must allege that he was "intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." *Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). Courts "are obliged to apply the 'similarly situated' requirement with rigor." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1207 (11th Cir. 2007).

To meet their initial burden, the Defendants assert that Davis knew that: she was a fixed-term employee of UVI; her term was to expire on September 30, 2005; and UVI never offered her an extension of her employment contract beyond that date. The Defendants also assert that Davis has not and cannot adduce any evidence to show that she was treated differently from any similarly situated person. To buttress these assertions, the

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 6

Defendants rely on Davis's deposition testimony.[2] That testimony is unrebutted. The Court takes the Defendants' assertions as true. *See* LRCi 56.1(d) ("Failure to respond to a movant's statement of material facts, or a respondent's statement of additional facts, as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment.").

Based on Davis's deposition testimony, the Court finds that the Defendants have met their initial burden of establishing the absence of any genuine question of material fact with respect to whether Davis was treated differently from any similarly situated person. The burden now shifts to Davis to show the existence of some material triable fact. Having failed both to comply with the Court's Order for briefing and to respond to the Defendants' motion, Davis has failed to meet that burden.

## IV. **CONCLUSION**

For the reasons given above, the Court finds that there are no material facts in dispute with respect to Count One's equal

---

[2] During her deposition, Davis was asked whether she had any documentation to substantiate her allegation that no other UVI employee's fixed-term employment contract had expired without a performance review. Specifically, the Defendants asked Davis whether that allegation was "grounded by some facts or evidence[d] by documents[.]" (Davis Dep. 68:4-5, Dec. 12, 2007.) Under oath, Davis answered in the negative. (*See generally id.* at 66-68.) Davis has also not provided any evidence to the Court to substantiate that allegation.

*Davis v. Ragster, et al.*
Civil No. 2005-155
Memorandum Opinion
Page 7

protection claim and that the Defendants are entitled to judgment as a matter of law.  Accordingly, the Defendants' motion for summary judgment on that claim will be granted.  An appropriate judgment follows.

S_____
       CURTIS V. GÓMEZ
         **Chief Judge**